1   Gary P. Simonian (State Bar No. 177747)
    Gary.Simonian@leclairryan.com
2   LeClairRyan, LLP
    725 South Figueroa Street, Suite 350
3   Los Angeles, CA 90017
    Telephone: (213) 488-0503
4   Telefax: (213) 624-3755

5   Attorney for Defendant
    STERLING INFOSYSTEMS, INC.

6

7

```
                    FILED
          CLERK, U.S. DISTRICT COURT

              DEC 1 3 2013

          CENTRAL DISTRICT OF CALIFORNIA
          BY                      DEPUTY
```

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11   ROGER CULBERSON II, an          Case No.: **CV13-09186**-DMG
     individual,                                              (PSWx)
12
                   Plaintiff,        **NOTICE OF REMOVAL OF ACTION**
13                                   **UNDER 28 U.S.C. § 1441(a) (Federal**
          v.                         **Question)**
14
     STERLING INFOSYSTEMS, INC., a
15   foreign corporation doing business in
     California; and DOES 1 through 10,
16   inclusive,

17                 Defendants.

18

19   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20

21        PLEASE TAKE NOTICE THAT Defendant STERLING INFOSYSTEMS,

22   INC. (hereinafter, "STERLING INFOSYSTEMS"), hereby removes the state court

23   action described below to this District Court:

24        1.    On November 1, 2013, an action was commenced in the Superior

25   Court of the State of California in and for the County of Los Angeles entitled,

26   *Roger L. Culberson II v. Sterling Infosystems, Inc., and DOES 1 through 10,*

27   *inclusive*, as Case Number BC526553, a true and accurate copy of which is

28   attached hereto as Exhibit A.

                                    1

2.      The first date upon which Defendant STERLING INFOSYSTEMS received a copy of the said complaint was November 13, 2013, when it was served with a copy of the said complaint and a summons from the said state court.  A true and accurate copy of the summons is attached hereto as Exhibit B.

3.      This action is a civil action of which this District Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it arises under federal statute 15 U.S.C. § 1681 (Fair Credit Reporting Act).

4.      Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel hereby certifies that a true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and served upon all adverse parties.

DATED: December 13, 2013               LeClairRyan, LLP


By: _____
Gary P. Simonian
Attorney for Defendant
STERLING INFOSYSTEMS, INC.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)
(Federal Question)

# EXHIBIT A

1  THE LAW OFFICES OF DEVIN H. FOK
   Devin H. Fok, Esq. (SBN #256599)
2  P.O. Box 7165
   Alhambra, CA 91802-7165
3  Ph: (310) 430-9933
   Fax: (323) 563-3445
4  devin@devinfoklaw.com

5  A NEW WAY OF LIFE REENTRY PROJECT
6  Joshua E. Kim, Esq. (SBN #257260)
   P.O. Box 875288
7  Los Angeles, California 90087
   Ph: (323) 563-3575
8  Fax: (323) 563-3445
9  joshua@anewwayoflife.org

10
   Attorneys for Plaintiff
11

12      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13      **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

14
                                          )  CASE NO.   **BC 526553**
15 ROGER L. CULBERSON II, individually,   )
                                          )  **COMPLAINT FOR VIOLATION OF:**
16         Plaintiff(s),                  )
                                          )  1.  15 USC §1681e(b)
17      vs.                               )  2.  15 USC §1681k(a)(2)
                                          )  3.  Civ. Code §§1786.18(a)(7); 1786.20(a)
18                                        )  4.  Civ. Code § 1786.20(b)
19 STERLING INFOSYSTEMS, INC., a foreign  )  5.  Civ. Code § 1786.28(b)
   corporation doing business in California, and )
20 DOES 1-10 inclusive,                   )
                                          )  **JURY TRIAL DEMANDED**
21         Defendants.                    )
                                          )
22                                        )
23                                        )
                                          )
24                                        )
                                          )
25 _____   )
26

27

28
   _____
                              COMPLAINT FOR DAMAGES

FILED
Los Angeles Superior Court
NOV 01 2013
John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

Plaintiff ROGER L. CULBERSON II (hereafter as "Plaintiff") complains against Defendants STERLING INFOSYSTEMS, INC. d.b.a. STERLING TESTING SYSTEMS, and DOES 1-10 inclusive (hereafter as "STERLING" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2.     Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before making an adverse employment decision based on a person's criminal record.[2]

3.     It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

4.     To further this compelling interest, both Congress (through the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. §1681 *et seq.*) and the California legislature (through the Investigative Consumer Reporting Agencies Act ("ICRAA") under Cal. Civ. C. §1786 *et seq.*) have enacted comprehensive legislation regulation regulating the procurement and issuance of background check reports, stating that "[i]nvestigative consumer reporting agencies have assumed a vital role" and that "there is need to insure that investigative consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. C. §1786; *see also* 15 U.S.C. §1681(a).

---

[1] NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal (last visited on May 2, 2012); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).
[2] *Id.*

CLASS ACTION COMPLAINT

5.     Both the FCRA and the ICRAA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. Under 15 U.S.C. §1681e(b) and Cal. Civ. C. §1786.20(b) a background check company" shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." (Emphasis added)."

6.     In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain *strict procedures* designed to insure that…[the information reported] is complete and up to date." 15 U.S.C. §

7.     Defendant failed to fulfill its statutory duties under the FCRA and the ICRAA, as a result of which a background check report containing inaccurate, incomplete, and out-of-date information concerning Plaintiff was furnished to his prospective employer and Plaintiff was denied employment.

8.     Plaintiff seeks actual damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## THE PARTIES

9.     Plaintiff ROGER L. CULBERSON II is, and at all times relevant hereto was, an individual over the age of 18 and a resident of Los Angeles County, California.

10.     Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c) of the FCRA, and Cal. Civ. C. §1786.2(b) of the ICRAA because he is a natural individual who has made an application for employment purposes.

3

COMPLAINT FOR DAMAGES

11.     Defendant STERLING INFOSYSTEMS, INC. d.b.a. STERLING TESTING SYSTEMS is and at all times herein mentioned was, a foreign corporation doing business in the State of California.

12.     STERLING is an entity regulated under both the FCRA and the ICRAA.

13.     For purposes of the FCRA, STERLING is a "consumer reporting agency" as defined under 15 USC §1681a(f) because they are "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

14.     A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for….employment." 15 USC §1681a(d) (emphasis added).

15.     For purposes of the ICRAA, STERLING is an "investigative consumer reporting agency" as defined under Cal. Civ. C. §1786.2(d) because they are "person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing *investigative consumer reports* to third parties…" (Emphasis added).

16.     An investigative consumer report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means…" Cal. Civ. C. §1786.2(c).

17.     STERLING' reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character,

4

COMPLAINT FOR DAMAGES

1   mode of living or other personal characteristics. Among other things, STERLING's reports

2   typically include information regarding criminal histories.

3       18.    Defendants sell background check reports to, among others, prospective

4   employers.  Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and

5   therefore sues those Defendants by such capacities when such information is ascertained.

6       19.    Plaintiff is informed and believes and thereon alleges that each of the Doe

7   Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's

8   damages as herein alleged were proximately caused by such occurrences.

9       20.    Plaintiff is informed and believes and thereon alleges that, at all times herein

10  mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in

11  doing the things alleged in this complaint, were acting in the scope of such agency and with the

12  permission and consent of Defendants.

13

14  **FACTUAL ALLEGATIONS**

15      21.    On or about June 23, 1998, Plaintiff was convicted of Penal Code §415. This

16  conviction was dismissed pursuant to Penal Code §1203.4 (colloquially known as expungement)

17  on or about February 8, 2010.

18      22.    Plaintiff was 19 years old at the time of the conviction. 13 years later, he was

19  denied a seasonal job by The Walt Disney Company ("DISNEY") due to the erroneous criminal

20  history information disclosed on a STERLING background check report.

21      23.    Plaintiff applied to DISNEY on or about October 18, 2011.

22      24.    Plaintiff was hired on or about November 3, 2011 and was scheduled to attend one

23  of several orientations and training sessions offered weekly between November 22, 2011 to

24  December 18th, 2011. New employees were required to attend one of these several orientations

25  and training sessions as a condition precedent to serving DISNEY customers.

26      25.    On or about November 22, 2011, Plaintiff received a call from DISNEY personnel

27  informing him that he cannot attend the orientation that was scheduled for the upcoming weekend

28

COMPLAINT FOR DAMAGES

1  because the background check "was not going to be back in time." He was informed that he could

2  attend orientation only after a clean background check report had come back.

3      26.    Plaintiff then contacted DISNEY every week immediately prior to the scheduled

4  start of a new session of orientation to inquire about the status of his background check so that he

5  could attend the upcoming orientation. However, he was repeatedly informed that no background

6  check had come back yet.

7      27.    On or about December 7, 2011, Plaintiff called DISNEY where DISNEY finally

8  informed Plaintiff over the phone that he could not be hired by DISNEY because of the

9  background check report.

10      28.    DISNEY did not issue a notice to Plaintiff either prior to or following the adverse

11  action as required under 15 U.S.C. §1681b(b)(3).

12      29.    Plaintiff never received a pre-adverse action or adverse action notice from any

13  party contracted by DISNEY to provide such notice.

14      30.    Plaintiff was aware that he had a 1998 conviction for violation of Penal Code §417

15  (disturbing the peace) on his record that had been expunged but because he was never provided

16  with a copy of the report he could not know for sure whether that was the cause of his

17  termination.

18      31.    On or about December 7, 2011, the same day when DISNEY informed Plaintiff

19  that he could not be hired because of his background, Plaintiff contacted STERLING to obtain a

20  copy of his background check report. Plaintiff received his consumer report several days later and

21  determined that STERLING had misreported Plaintiff's 1998 criminal conviction.

22      32.    STERLING reported a guilty conviction for a charged labeled as "PERSON WHO

23  UNLAWFULLY FIGHTS IN A PUBLIC PLACE OR CHALLENGES ANOTHER PERSON IN

24  A PUBLIC PLACE TO FIGHT." In fact, this charged was dismissed pursuant to Cal. Pen. C.

25  §1203.4 (colloquially known as "expungement") on February 8, 2010.

26      33.    In clear error, Defendant reported the "Disposition" of this charge as

27  "Guilty/Convicted" with a "Disposition Date" of "2010-02-08." These two entries mislead the

28

6

COMPLAINT FOR DAMAGES

1  reader that Plaintiff was convicted of the crime on February 8, 2010 as opposed to successfully

2  obtaining expungement on February 8, 2010 for a conviction that took place in 1998.

3       34.    On or about December 14, 2011, and following receipt of a copy of his

4  background check report, Plaintiff disputed the information with STERLING. On or about

5  December 15, 2011, STERLING issued a new report indicating that Plaintiff has a "clear"

6  background. Despite the issuance of this new report, Plaintiff was never hired.

7       35.    On or about February 2012, Plaintiff contacted DISNEY again regarding

8  employment opportunities, DISNEY informed Plaintiff that all available positions have been

9  filled.

10      36.    STERLING is one of the nation's largest background check company and has been

11 routinely subject to law suits involving its systematic failure in complying with the legal

12 mandates described immediately above and was well-aware of the requirements to insure that the

13 reported information is accurate, complete and up to date.

14      37.    Here, Plaintiff's criminal history was public record information was readily

15 available through Los Angeles County Court system, Plaintiff is informed and believes that

16 STERLING nevertheless failed to visually inspect, copy, or analyze the readily-available

17 information in reckless disregard of the clear statutory mandate to use "reasonable," and "strict

18 procedure" in providing background check reports that will have a detrimental impact on a

19 consumer's ability to obtain employment.

20      38.    Under Cal. Civ. C. §1786.29(a), an investigative consumer reporting agency is

21 required to provide, in at least 12-point boldface type setting forth that "...*[the reported*

22 *information] is accurately copied from public records...*" (Emphasis added).

23      39.    Indeed, on the first page of the SUBJECT REPORT, Defendants certified that the

24 information is "...*accurately copied from public records....*" (Emphasis added). Nevertheless,

25 STERLING intentionally, gross negligently, and/or recklessly failed to obtain and copy readily

26 available public record information from Los Angeles County Superior Court when reporting

27 Plaintiff's criminal history information.

28

7

COMPLAINT FOR DAMAGES

40.     In Los Angeles County, the cost per page for obtaining copies of court documents is $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided accurate complete and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

41.     Plaintiff is informed and believes and thereon alleges that STERLING never obtained the Clerk's Documents and Minutes and any similar documents which would have revealed, complete, accurate, and up to date information on Plaintiff's criminal history.

42.     On its website, STERLING touts itself as one of the fastest growing companies in the country. In a June 2013 press release entitled "Background-check industry under scrutiny as profits soar"[3] wherein it stated that its revenue has rocked to nearly $250 million from just $7.5 million in 2001.

43.     STERLING's profits are founded on its emphasis on efficiency in generating as many criminal background checks as possible and a dearth of litigation on inaccurate background check reports. According to its website its "litigation-incidence rate is 0.00005% - which amounts to half a dozen suits a year."[4]

44.     Accordingly, the lack of litigation as well as its profit maximizing model routinely and systematically results in inaccurate background check reports such as those issued in connection with Plaintiff's employment application.

45.     As a direct and foreseeable result of Defendant's wrongful conduct, Plaintiff lost a valuable employment opportunity, suffered significant economic, emotional, and mental distress.

**FIRST CAUSE OF ACTION**

**(Violation of 15 United States Code §1681e(b))**

---

[3] *See* www.sterlinginfosystems.com/background-check-industry-under-scrutiny-as-profits-soar.htm, last viewed 10/24/2013.

[4] *Id.*

8

46.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1-48, inclusive.

47.     Upon information and belief, Defendants have not, and currently do not, follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

48.     Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff, which failure led to the inaccuracies in the subject report.

49.     Defendant's violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

50.     Defendants' violations entitle Plaintiff to damages pursuant to 15 USC §§ 1681n and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendant's violations as well as punitive damages.

## SECOND CAUSE OF ACTION

### (Violation of 15 United States Code §1681k(b))

51.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1-48, inclusive.

52.     Upon information and belief, Defendants failed to provide Plaintiff contemporaneous notice of the fact that public record information is being reported pursuant to 15 USC §1681k(a)(1) and have not and currently do not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

53.     Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff resulting in a report containing information that is not complete and up to date.

9

COMPLAINT FOR DAMAGES

54.     Defendants' violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

55.     Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and 1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

### THIRD CAUSE OF ACTION

**(Violation of California Civil Code §§1786.18(a)(7); 1786.20(a))**

56.     Plaintiff hereby incorporates by reference the allegations of paragraph 1-48, inclusive.

57.     Cal. Civ. C. § 1786.18(a)(7) prohibits an investigative consumer reporting agency from making or furnishing any background check reports such as an investigative consumer reporting containing any information about "[r]ecords of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years." It further prohibits an investigative consumer reporting agency from reporting any of the above information "if at any time it is learned that... in the case of an arrest, indictment, information, or misdemeanor complaint, a conviction did not result."

58.     Cal. Civ. C. § 1786.20(a) requires that an investigative consumer reporting agency to "maintain reasonable procedures designed to avoid violations of Section 1786.18."

59.     Plaintiff's conviction, which was subsequently dismissed, resulted on May 9, 2002, which antedated the SUBJECT REPORT by more than seven years from the date of disposition, release, or parole.

60.     In addition, Plaintiff's case was dismissed in the interests of justice due to civil compromise, and a conviction did not result in the case as a matter of law.

10

COMPLAINT FOR DAMAGES

61.     By failing to maintain procedures to accurately check the final and up-to-date disposition of Plaintiff's case, Defendants failed to maintain reasonable procedures designed to avoid reporting information that antedate the investigative consumer report by more than seven years and to avoid reporting information about criminal records where a conviction did not result.

62.     Defendant's violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard their obligations.

63.     Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## FOURTH CAUSE OF ACTION

### (Violation of California Civil Code §1786.20(b))

64.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1-48, inclusive.

65.     Upon information and belief, Defendants also have not, and currently do not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

66.     Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff resulting in inaccuracies in the SUBJECT REPORT.

67.     Defendants' violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

68.     Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

11

COMPLAINT FOR DAMAGES

### FIFTH CAUSE OF ACTION

### (Violation of California Civil Code §1786.28(b))

69.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1-48, inclusive.

70.     Upon information and belief, Defendants have not and currently do not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

71.     Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information on Plaintiff resulting in a report containing information that is not complete and up to date.

72.     Defendants' violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard their obligations.

73.     Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in favor of himself and the proposed Classes:

1.     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

2.     That judgment be entered against DISNEY and in favor of Plaintiff and Class members for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

12

COMPLAINT FOR DAMAGES

3.    That judgment be entered against DISNEY for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4.    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

5.    That the Court grant such other and further relief as may be just and proper.

DATED: 11/1/2013

By: _____
THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Phone: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim (SBN #257260)
958 E. 108th St.
Los Angeles, CA 90059
Phone: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED: August 7, 2013                    THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok

13

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok (SBN#256599)<br>Law Offices of Devin H. Fok<br>P.O. Box 7165<br>Alhambra, CA 91802-7165<br>TELEPHONE NO.: 310-430-9933   FAX NO.: 323-563-3445<br>ATTORNEY FOR (Name): Andrea L. Ruffing et al. | **FILED**<br>Los Angeles Superior Court<br><br>NOV 01 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Culberson v. Sterling

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 526553** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify):  for violations of the FCRA and the ICRAA
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 11/1/2013

Devin H. Fok
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Culberson v. Sterling | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Culberson v. Sterling | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice<br>☐  A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐  A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑  A6024  Other Employment Complaint Case<br>☐  A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐  A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff<br>☐  A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐  A6009  Contractual Fraud<br>☐  A6031  Tortious Interference<br>☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure<br>☐  A6032  Quiet Title<br>☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.0
LASC Approved 03-04                      **AND STATEMENT OF LOCATION**                          Page 2 of 4

| SHORT TITLE: Culberson v. Sterling | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: Culberson v. Sterling | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 500 S. Buena Vista St., Burbank, CA 91521 |
|---|---|
| ☑1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Burbank | STATE: CA | ZIP CODE: 91521 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 11/1/2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Sterling Infosystems, Inc., a foreign corporation doing business in California, and Does 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Roger L. Culberson II, individually, and on behalf of the putative class

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Los Angeles Superior Court

NOV 01 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC526553** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Devin H. Fok, P.O. Box 7165, Alhambra, CA 91802; 310-430-9933

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* NOV 01 2013 | Clerk, by<br>*(Secretario)* JOHN A. CLARKE | , Deputy<br>*(Adjunto)* Shaunya Wesley |

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

[SEAL] SUPERIOR COURT LOS ANGELES COUNTY CALIFORNIA

FILED
Los Angeles Superior C...

NOV 01 201...

John A. Clarke, Executive Officer...
By _____
BRANDON McCLEY



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dolly M. Gee _____ and the assigned
Magistrate Judge is _____ Patrick J. Walsh _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-9186-DMG (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 13, 2013

Date

By  MDAVIS

Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
  312 N. Spring Street, G-8
  Los Angeles, CA 90012

☐ Southern Division
  411 West Fourth St., Ste 1053
  Santa Ana, CA 92701

☐ Eastern Division
  3470 Twelfth Street, Room 134
  Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ROGER L. CULBERSON II

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
STERLING INFOSYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Devin H. Fok, Esq. (SBN: 256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Tel.: (310) 430-9933 / Fax: (323) 563-3445
Email: devin@devinfoklaw.com

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Gary P. Simonian (SBN: 177747)
LeClairRyan, LLP
725 S. Figueroa St., Ste. 350, Los Angeles, CA 90017
Tel.: (213) 488-0503 / Fax: (213) 624-3755
Email: Gary.Simonian@leclairryan.com

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of action arising under 15 U.S.C. Sections 1681, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-09186**

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☒ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.   ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.   ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:   ➡ | WESTERN |

American LegalNet, Inc.<br>www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _Gary Simonian_          DATE: 12/13/2013

Gary P. Simonian

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com